UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAVIOR DAVIS, *pro se*,  :  **SUMMARY ORDER**
  :  10-CV-4501 (DLI)
　　　　　　　Plaintiff,  :
  :
　　-against-  :
  :
ANDREW CUOMO,  :
  :
　　　　　　　Defendant.  :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

　　*Pro se* plaintiff Savior Davis, currently incarcerated at Otis Bantum Correctional Center, filed this action on September 30, 2010. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. However, for the reasons discussed below, plaintiff's complaint fails to state a claim. Plaintiff is granted thirty (30) days from the date of this Order, i.e. April 6, 2011, to file an amended complaint. The issuance of a summons and service of the instant complaint are held in abeyance pending the filing of an amended complaint. Should plaintiff fail to replead in a timely manner, and/or the amended complaint fails to correct the deficiencies of the instant complaint or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed with prejudice.

**DISCUSSION**

　　Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his complaint, plaintiff alleges that several sections of the New York Penal Law are unconstitutional because they "were never certified as constitution by N.Y.S. supreme court." (Compl. at 2.) However, the complaint contains no facts, allegations, or legal theories to support the claim that the statutes are unconstitutional, nor does the complaint explain how the defendant is involved in this matter. Therefore, defendant is unable to respond meaningfully to the complaint.

While plaintiff's complaint could thus be dismissed, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, until April 6, 2011, to file an amended complaint. The amended complaint must be captioned as an "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. The amended complaint must also comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff must name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. If plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must also set forth a legal basis to support his claims.

Plaintiff is further directed to state if he has a pending state court criminal action, and the current status of those proceedings.

All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend his complaint by April 6, 2011, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant complaint or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed with prejudice. For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order. The issuance of a summons and service of the instant complaint are held in abeyance pending the filing of an amended complaint. The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:       Brooklyn, New York
               March 7, 2011

/s/
DORA L. IRIZARRY
United States District Judge